UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

# 97-2240

---------------------------------------------------------------X

BRISTOL HOTEL MANAGEMENT
CORPORATION, BRISTOL HOTEL ASSET
COMPANY, FFE TRANSPORTATION
SERVICES, INC., EL CHICO CORPORATION,
SOUTHWEST CAFES, INC.,  and KASPAR
WIRE WORKS, INC.,

Plaintiffs,

v.

AETNA CASUALTY & SURETY COMPANY
A/K/A AETNA GROUP, AETNA CASUALTY
COMPANY, AETNA CASUALTY & SURETY
COMPANY OF AMERICA, AETNA
CASUALTY AND SURETY COMPANY OF
ILLINOIS, AETNA CASUALTY COMPANY OF
CONNECTICUT, AETNA COMMERCIAL
INSURANCE COMPANY, FARMINGTON
CASUALTY COMPANY, STANDARD FIRE
INSURANCE COMPANY, ALLIANZ
INSURANCE COMPANY GROUP, ALLIANZ
INSURANCE COMPANY, AMERICAN
INSURANCE COMPANY, ASSOCIATED
INDEMNITY CORPORATION, FIREMAN'S
FUND INSURANCE COMPANY OF
WISCONSIN, FIREMAN'S FUND INSURANCE
COMPANY OF NEBRASKA, FIREMAN'S
FUND INSURANCE COMPANY, NATIONAL
SURETY CORPORATION, AMERICAN
NATIONAL FIRE INSURANCE COMPANY
A/K/A AMERICAN FINANCIAL INSURANCE
GROUP, AGRICULTURAL INSURANCE
COMPANY, AMERICAN ALLIANCE

CIVIL ACTION NO. **CIV-MORENO**

MAGISTRATE JUDGE
DUBÉ

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**



INSURANCE COMPANY, GREAT AMERICAN
INSURANCE COMPANY, AMERICAN
INTERNATIONAL GROUP, AIU INSURANCE
COMPANY, AMERICAN HOME ASSURANCE
COMPANY, AMERICAN INTERNATIONAL
INSURANCE COMPANY, BIRMINGHAM FIRE
INSURANCE COMPANY OF
PENNSYLVANIA, COMMERCE AND
INDUSTRY INSURANCE COMPANY,
GRANITE STATE INSURANCE COMPANY,
ILLINOIS NATIONAL INSURANCE
COMPANY, INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA, NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA, NEW HAMPSHIRE
INSURANCE COMPANY, ARGONAUT
GROUP, INCORPORATED, ARGONAUT
INSURANCE COMPANY, ARGONAUT-
MIDWEST INSURANCE COMPANY, CHUBB
& SON, INC., CHUBB INDEMNITY
INSURANCE COMPANY, CHUBB NATIONAL
INSURANCE COMPANY, FEDERAL
INSURANCE COMPANY, GREAT NORTHERN
INSURANCE COMPANY, PACIFIC
INDEMNITY COMPANY, VIGILANT
INSURANCE COMPANY, CIGNA
CORPORATION A/K/A CIGNA COMPANIES
A/K/A CIGNA GROUP, BANKERS
STANDARD FIRE AND MARINE COMPANY,
BANKERS STANDARD INSURANCE
COMPANY, CENTURY INDEMNITY
COMPANY, CIGNA EMPLOYERS
INSURANCE COMPANY, CIGNA FIRE
UNDERWRITERS INSURANCE COMPANY,
CIGNA INSURANCE COMPANY, CIGNA
PROPERTY AND CASUALTY INSURANCE
COMPANY, INDEMNITY INSURANCE
COMPANY OF NORTH AMERICA,
INSURANCE COMPANY OF NORTH
AMERICA, PACIFIC EMPLOYERS
INSURANCE COMPANY, CONTINENTAL
CASUALTY COMPANY A/K/A CNA
INSURANCE GROUP, AMERICAN

CASUALTY COMPANY OF READING, PENNSYLVANIA, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, TRANSCONTINENTAL INSURANCE COMPANY, TRANSPORTATION INSURANCE COMPANY, VALLEY FORGE INSURANCE COMPANY, COMMERCIAL UNION INSURANCE COMPANY A/K/A COMMERCIAL UNION GROUP, AMERICAN EMPLOYERS' INSURANCE COMPANY, EMPLOYERS FIRE INSURANCE COMPANY, NORTHERN ASSURANCE COMPANY OF AMERICA, CONTINENTAL INSURANCE COMPANY A/K/A CONTINENTAL GROUP, BOSTON OLD COLONY INSURANCE COMPANY, BUCKEYE UNION INSURANCE COMPANY, COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, FIDELITY AND CASUALTY COMPANY OF NEW YORK, FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, GLENS FALLS INSURANCE COMPANY, KANSAS CITY FIRE AND MARINE INSURANCE COMPANY, NATIONAL BEN FRANKLIN INSURANCE COMPANY OF ILLINOIS, NIAGARA FIRE INSURANCE COMPANY, CRUM & FORSTER HOLDINGS, INCORPORATED F/K/A CRUM & FORSTER, INCORPORATED A/K/A CRUM & FORSTER GROUP, COREGIS INSURANCE COMPANY, CRUM & FORSTER INDEMNITY COMPANY, INDUSTRIAL INDEMNITY COMPANY, NORTH RIVER INSURANCE COMPANY, UNITED STATES FIRE INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY, EMPLOYERS MUTUAL CASUALTY COMPANY A/K/A EMC INSURANCE COMPANIES, AMERICAN LIBERTY INSURANCE COMPANY, GENERAL ACCIDENT INSURANCE GROUP, CAMDEN FIRE-INSURANCE ASSOCIATION, GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, PENNSYLVANIA GENERAL

INSURANCE COMPANY, TRI-STATE
INSURANCE COMPANY, HIGHLANDS
INSURANCE COMPANY A/K/A
HALLIBURTON GROUP, HIGHLAND
UNDERWRITERS INSURANCE COMPANY,
HARTFORD FIRE INSURANCE COMPANY
A/K/A HARTFORD FIRE & CASUALTY
GROUP, HARTFORD ACCIDENT AND
INDEMNITY COMPANY, HARTFORD
CASUALTY INSURANCE COMPANY,
HARTFORD INSURANCE COMPANY OF THE
SOUTHEAST, HARTFORD INSURANCE
COMPANY OF THE MIDWEST, HARTFORD
UNDERWRITERS INSURANCE COMPANY,
TWIN CITY FIRE INSURANCE COMPANY,
HOME INSURANCE COMPANY A/K/A HOME
INSURANCE GROUP, INTEGON GENERAL
INSURANCE CORPORATION A/K/A
INTEGON GROUP, INTEGON INDEMNITY
COMPANY, LIBERTY MUTUAL INSURANCE
COMPANY A/K/A LIBERTY MUTUAL
GROUP, LIBERTY INSURANCE
CORPORATION, LIBERTY MUTUAL FIRE
INSURANCE COMPANY, LUMBERMENS
MUTUAL CASUALTY COMPANY A/K/A
LUMBERMENS MUTUAL CASUALTY
GROUP, AMERICAN MANUFACTURERS
MUTUAL INSURANCE COMPANY,
AMERICAN PROTECTION INSURANCE
COMPANY, NATIONWIDE CORPORATION,
EMPLOYERS INSURANCE OF WAUSAU, A
MUTUAL COMPANY, NATIONWIDE
MUTUAL FIRE INSURANCE COMPANY,
NATIONWIDE MUTUAL INSURANCE
COMPANY, NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY,
WAUSAU BUSINESS INSURANCE
COMPANY, WAUSAU UNDERWRITERS
INSURANCE COMPANY, OHIO CASUALTY
INSURANCE COMPANY A/K/A OHIO
CASUALTY GROUP, AMERICAN FIRE AND
CASUALTY COMPANY, WEST AMERICAN
INSURANCE COMPANY, OLD REPUBLIC

-4-

INSURANCE CORPORATION, BITUMINOUS
CASUALTY CORPORATION, OLD REPUBLIC
INSURANCE COMPANY, ORION CAPITAL
COMPANIES, INCORPORATED A/K/A ORION
CAPITAL GROUP, CONNECTICUT
INDEMNITY COMPANY, FIRE AND
CASUALTY INSURANCE COMPANY OF
CONNECTICUT, RELIANCE INSURANCE
COMPANY A/K/A RELIANCE GROUP,
RELIANCE SURETY COMPANY, RELIANCE
NATIONAL INDEMNITY COMPANY,
RELIANCE NATIONAL INSURANCE
COMPANY, UNITED PACIFIC INSURANCE
COMPANY, ROYAL INSURANCE GROUP,
AMERICAN AND FOREIGN INSURANCE
COMPANY, GLOBE INDEMNITY COMPANY,
NEWARK INSURANCE COMPANY, ROYAL
INDEMNITY COMPANY, ROYAL
INSURANCE COMPANY OF AMERICA,
ROYAL SPECIAL RISKS INSURANCE
COMPANY, SAFEGUARD INSURANCE
COMPANY, SENTRY INSURANCE, A
MUTUAL COMPANY A/K/A SENTRY
INSURANCE GROUP, MIDDLESEX
INSURANCE COMPANY, PATRIOT
GENERAL INSURANCE COMPANY,
CATAWBA INSURANCE COMPANY,
CONSOLIDATED AMERICAN INSURANCE
COMPANY, THE TRAVELERS INSURANCE
GROUP, INCORPORATED, ATLANTIC
INSURANCE COMPANY, CHARTER OAK
FIRE INSURANCE COMPANY, GULF
INSURANCE COMPANY, PHOENIX
INSURANCE COMPANY, SELECT
INSURANCE COMPANY, TRAVELERS
INDEMNITY COMPANY OF AMERICA,
TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, TRAVELERS INDEMNITY
COMPANY OF ILLINOIS, TRAVELERS
INDEMNITY COMPANY, TRAVELERS
INSURANCE COMPANY, TIG INSURANCE
GROUP (INCORPORATED), TIG INDEMNITY
COMPANY, TIG SPECIALTY INSURANCE

-5-

COMPANY, TIG PREMIER INSURANCE
COMPANY, TIG INSURANCE COMPANY,
TIG INSURANCE COMPANY OF MICHIGAN,
TIG INSURANCE CORPORATION OF
AMERICA, TOKIO MARINE
CONSOLIDATED, HOUSTON GENERAL
INSURANCE COMPANY, TOKIO MARINE
AND FIRE INSURANCE CO. LIMITED (US
BRANCH), TRANS PACIFIC INSURANCE
COMPANY, UTICA MUTUAL INSURANCE
COMPANY A/K/A UTICA NATIONAL
INSURANCE GROUP, GRAPHIC ARTS
MUTUAL INSURANCE COMPANY,
AMERICAN ZURICH INSURANCE COMPANY
A/K/A ZURICH-AMERICAN INSURANCE
COMPANIES, AMERICAN GUARANTEE AND
LIABILITY INSURANCE COMPANY,
ASSURANCE COMPANY OF AMERICA,
COLONIAL AMERICAN CASUALTY AND
SURETY COMPANY, EMPIRE FIRE AND
MARINE INSURANCE COMPANY, FIDELITY
AND DEPOSIT COMPANY OF MARYLAND,
MARYLAND CASUALTY COMPANY,
NORTHERN INSURANCE COMPANY OF
NEW YORK, UNIVERSAL UNDERWRITERS
INSURANCE COMPANY, VALIANT
INSURANCE COMPANY, ZURICH
AMERICAN INSURANCE COMPANY OF
ILLINOIS, ZURICH INSURANCE COMPANY
(US BRANCH), JOHNSON & HIGGINS OF
FLORIDA, INC., and NATIONAL COUNCIL
ON COMPENSATION INSURANCE,
INCORPORATED (NCCI),

Defendants.

-----------------------------------------------------------------
X

Plaintiffs Bristol Hotel Management Corp. and Bristol Hotel Asset Company (together herein called *Bristol*), FFE Transportation Services, Inc. (*FFE*), El Chico Corporation, and Southwest Cafes, Inc. (*collectively, El Chico*), and Kaspar Wire Works, Inc. (*Kaspar* and, collectively with Bristol, El Chico and FFE, *Plaintiffs*), bring this action on their own behalf and on behalf of the class of persons defined herein (the *Class*), and allege for their complaint upon personal knowledge as to themselves and their own acts and otherwise upon information and belief based upon, among other things, the investigation by and through their counsel, as follows:

## SUMMARY OF THE ACTION

1. This is a class action seeking redress for a wrongful scheme, combination and conspiracy to charge illegally high prices for workers' compensation insurance perpetrated by the defendant insurance companies, insurance carrier groups, and their brokers (the *Insurer Defendants*), and the National Council on Compensation Insurance, Inc. (the *NCCI* and, collectively with the Insurer Defendants, *Defendants*), a licensed rate service organization controlled by the Insurer Defendants. The Insurer Defendants sold retrospectively rated workers' compensation insurance policies or similarly rated loss-sensitive policies subject to retrospective adjustments (Retrospective Rating Arrangements) ("*Policies*") to Plaintiffs and other Class members for coverage in the State of Florida. The NCCI filed specimen policies (representative documents for the Policies), policy provisions, policy forms, and insurance rates on behalf of the Insurer Defendants with the State of Florida, and acted as a conduit for the Insurer Defendants to coordinate and effect their wrongful conduct. Plaintiffs seek, among

other legal and equitable remedies, statutory, compensatory and punitive damages for Defendants' deceptive and wrongful practices.

2. Plaintiff Bristol, the successor in interest to United Inns, Inc., is an employer doing business in the State of Florida which purchased Policies from the National Union Fire Insurance Company (*National Union*), a member of the American International Group of insurance companies (*American International Group*), covering the period from January 17, 1991 through January 17, 1993. In the case of Bristol, National Union, assisted by and acting in concert with the NCCI, the American International Group, and other Insurer Defendants, used surcharges, assessments, factors, fees, loads, agreements, and forms other than those filed with, and approved by, the Florida Commissioner of Insurance (the *Commissioner*).

3. Plaintiff FFE is an employer doing business in the State of Florida which purchased Policies from the Insurance Company of North America, Pacific Employers Insurance Company, and CIGNA Insurance Company of Texas (collectively *CIGNA Affiliates*), members of the CIGNA Group of insurance companies (*CIGNA Group*), covering the period from August 15, 1989 through September 1, 1994. In the case of FFE, the CIGNA Affiliates, assisted by, and acting in concert with, the NCCI, the CIGNA Group, and other Insurer Defendants, used surcharges, factors, assessments, fees, loads, agreements, and forms other than those filed with, and approved by, the Commissioner.

4. Plaintiff El Chico is an employer doing business in the State of Florida which purchased Policies from the Transportation Insurance Company (*Transportation*), a member of the CNA Group of insurance companies, covering the period from March 11, 1988

-9-

through March 11, 1992. In the case of El Chico, Transportation assisted by and acting in concert with, the NCCI, the CNA Group, and other Insurer Defendants, used surcharges, factors, assessments, fees, loads, agreements, and forms other than those filed with, and approved by, the Commissioner.

5. Plaintiff Kaspar is an employer doing business in the State of Florida which purchased Policies from the Hartford Insurance Company of the Midwest (*Hartford Midwest*), a member of the Hartford F&C Group of insurance companies *(Hartford F&C Group)*, covering the period from January 1, 1988 through January 1, 1989. In the case of Kaspar, Hartford Midwest, assisted by and acting in concert with the NCCI, the Hartford F&C Group, and other Insurer Defendants used surcharges, assessments, factors, fees, loads, agreements, and forms other than those filed with, and approved by, the Commissioner.

6. Plaintiffs sue on behalf of themselves and the Class composed of all persons who purchased or renewed any retrospectively rated or retrospectively adjusted workers' compensation insurance policy from the Insurer Defendants since January 1, 1988 (the *Class Period*) for coverage of risks located within the State of Florida.

7. The Insurer Defendants engage in the business of insurance in the State of Florida, among other things, by writing or selling or assisting in the writing or selling of workers' compensation insurance and other casualty insurance, either directly or through one or more authorized agents. Under FLA. STAT. ANN. § 627.221, the NCCI is a licensed rate service organization which has been granted permission by the Commissioner to act on behalf of the Insurer Defendants, and other insurance companies, with regard to workers' compensation insurance.

-9-

8. Defendants conspired with, acted in concert with and/or aided and abetted one another, among other things, to charge fees, factors, assessments, surcharges, loads (including residual market load ("RML") factors), and for services that varied from the filings made with, and approved by, the Commissioner or otherwise authorized by law, and to accomplish this illicit scheme by unlawful means. As part of their unlawful scheme, the Insurer Defendants utilized the NCCI as a conduit to share information and as their agent and instrumentality to coordinate, effect and conceal their unlawful activities.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 15 U.S.C. § 15(a), 18 U.S.C. § 1964(c), 28 U.S.C. § 1331, 28 U.S.C. §1337, and 28 U.S.C. § 1367(a). Venue is proper in this District pursuant to 15 U.S.C. § 22, 18 U.S.C. 1965(a), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1391(c). Certain of the Defendants are found in this District, transact business in this District and a substantial part of the conduct giving rise to the claims alleged herein occurred within this District.

## THE PARTIES

### Plaintiffs

10. Plaintiff Bristol is two affiliated corporations organized and existing under the laws of the State of Delaware, both having a principal place of business in Dallas, Texas. During all or part of the relevant period, Bristol (as successor in interest to United Inns, Inc.) maintained a hotel facility in Florida operating at 3233 Emerson Street, Jacksonville, Florida 32307.

-10-

11.    (a) Bristol, as insured, entered into retrospectively rated workers' compensation insurance contracts with Defendant National Union, as insurer, under which it purchased coverage for its Florida location.  This coverage included at least the following policy periods for the approximate annual premiums and unauthorized RML factors shown below:

| Policy Period | Florida Estimated Annual Premium | Illegal RML Retrospective Rating Factor Charged |
|---|---|---|
| 01/17/91-01/17/92 | $ 9,662 | 9.640% |
| 01/17/92-01/17/93 | $ 14,869 | 9.231% |

(b) Through the use of side agreements and other unlawful schemes, unauthorized RML factors were applied to the retrospectively rated Policies.  An RML factor is an illegal surcharge added to the lawful, approved premium charges to recover the insurance company's losses in the residual market.

(c) Bristol has paid in full all lawful premiums and improper charges made by National Union under the Policies.  The improper charges were paid without the knowledge that they were beyond the scope of the rates filed with and approved by the Commissioner and unauthorized.

12. Plaintiff FFE is a trucking corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Dallas, Texas.

13.    (a) FFE, as insured, entered into retrospectively rated workers' compensation insurance contracts with Defendants Insurance Company of North America,

Pacific Employers Insurance Company, and CIGNA Insurance Company of Texas, Inc., as insurers, under which FFE purchased workers' compensation insurance for all of its locations, including those risks within the State of Florida.  This coverage included at least the following policy periods for the approximate annual premiums and unauthorized RML factors shown below:

| Policy Period | Florida Estimated Annual Premium | Unauthorized RML Retrospective Rating Factor Charged |
|---|---|---|
| 08/15/89-08/15/90 | $ 64,188 | Annually adjusted per side agreement |
| 08/15/90-08/31/91 | $303,357 | Annually adjusted per side agreement |
| 08/31/91-08/31/92 | $357,595 | Annually adjusted per side agreement |
| 09/01/92-09/01/93 | $108,965 | Annually adjusted per side agreement |

(b)  Through the use of side agreements and other unlawful schemes, unauthorized RML factors were applied to the retrospectively rated Policies.

(c)  FFE has paid in full all lawful premiums and improper charges made by CIGNA under the Policies.  The improper charges were paid without the knowledge that they were beyond the scope of the rates filed with and approved by the Commissioner and unauthorized.

14.  Plaintiff Kaspar is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Shiner, Texas.

-12-

15.    (a) Kaspar, as insured, entered into retrospectively rated workers' compensation insurance contracts with Defendant Hartford Midwest, as insurer, under which it purchased coverage for its Florida risks.

(b) Through the use of side agreements and other unlawful schemes, unauthorized RML factors were applied to the retrospectively rated Policies.

(c) Kaspar has paid in full all lawful premiums and improper charges made by Hartford Midwest under the Policies.  The improper charges were paid without the knowledge that they were beyond the scope of the rates approved by the Commissioner and unauthorized.

(d) Kaspar makes no claim on its own behalf, or on behalf of other Class members, against Hartford Midwest and Hartford F&C Group for workers' compensation overcharges previously settled and released in the case entitled *Weatherford Roofing Co. v. Employers Nat'l Ins. Co.*, No. 91-05637, in the 116th Judicial District Court of Dallas County, Texas.

16. Plaintiffs El Chico Corporation and Southwest Cafes, Inc. *(El Chico)* are corporations organized and existing under the laws of the State of Texas with their principal place of business in Dallas, Texas.  Through various subsidiaries, El Chico operates a chain of wholly-owned and franchised restaurants located in more than 15 states, including Florida.  El Chico owns a restaurant at 2225 North Monroe Street, Tallahassee, Florida 32303.

17.    (a) On March 11, 1989, El Chico, as insured, entered into a retrospectively rated workers' compensation insurance contract with Defendant Transportation, as insurer, for workers' compensation insurance for all of its restaurants, including the

-13-

restaurant located within the State of Florida, covering the period March 11, 1989 to March 11, 1990 for an annual premium of approximately $1,565,069.

(b)  On March 11, 1990, El Chico, as insured, entered into a retrospectively rated workers' compensation insurance contract with Defendant Transportation, as insurer, for workers' compensation insurance for all of its restaurants, including the restaurant located within the State of Florida, covering the period March 11, 1990 to March 11, 1991 for an annual premium of approximately $1,148,741.

(c)  On March 11, 1991, Southwest Cafes, Inc. DBA El Chico Corporation (*El Chico*), as insured, entered into a retrospectively rated workers' compensation insurance contract with Defendant Transportation, as insurer, for workers' compensation insurance for all of its restaurants, including the restaurant located within the State of Florida, covering the period March 11, 1991 to March 11, 1992 for an annual premium of approximately $798,211.

(d)  El Chico paid in full all lawful premiums and improper charges made by Transportation under the Policies.  The improper charges were paid without the knowledge that they were beyond the scope of the rates approved by the Commissioner and unauthorized.

**Defendants**

18.  During all or part of the Class Period, Defendants listed below transacted business within the State of Florida.  Defendants were engaged, either directly or through one or more authorized agents or alter egos, in writing or selling, or assisting in writing or selling,

workers' compensation insurance to cover risks for employers doing business within the State of Florida.

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| AETNA CASUALTY & SURETY CO A/K/A AETNA GROUP 151 FARMINGTON AVE. HARTFORD, CT 06156 | CT | AETNA GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| AETNA CASUALTY CO 151 FARMINGTON AVE. HARTFORD, CT 06156 | CT | AETNA GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| AETNA CASUALTY & SURETY COMPANY OF AMERICA ONE TOWER SQUARE HARTFORD, CT 06183-0000 | CT | AETNA GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| AETNA CASUALTY AND SURETY COMPANY OF ILLINOIS 2500 CABOT DRIVE LISLE, IL 60532-3629 | IL | AETNA GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| AETNA CASUALTY COMPANY OF CONNECTICUT ONE TOWER SQUARE HARTFORD, CT 06183-000 | CT | AETNA GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| AETNA COMMERCIAL INSURANCE COMPANY ONE TOWER SQUARE HARTFORD, CT 06183-6014 | CT | AETNA GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| FARMINGTON CASUALTY COMPANY 151 FARMINGTON AVENUE HARTFORD, CT 06156 | CT | AETNA GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| STANDARD FIRE INSURANCE COMPANY 151 FARMINGTON AVENUE HARTFORD, CT 06156 | CT | AETNA GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| ALLIANZ INSURANCE COMPANY GROUP 3400 RIVERSIDE DR., SUITE 300 BURBANK, CA 91505 | CA | ALLIANZ INSURANCE GROUP | PAUL D. KUDAK 3400 RIVERSIDE DR., #300 BURBANK, CA 91505 |

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| ALLIANZ INSURANCE COMPANY<br>P.O. BOX 7780<br>BURBANK, CA 91510-7780 | CA | ALLIANZ INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| AMERICAN INSURANCE COMPANY<br>777 SAN MARIN DR.<br>NOVATO, CA 94998 | NE | ALLIANZ INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| ASSOCIATED INDEMNITY CORPORATION<br>777 SAN MARIN DRIVE<br>NOVATO, CA 94998 | CA | ALLIANZ INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE. FL 32314-6200 |
| FIREMAN'S FUND INSURANCE COMPANY OF WISCONSIN<br>ATTN: PATRICIA FARRELL<br>777 SAN MARIN DRIVE<br>NOVATO, CA 94998 | WI | ALLIANZ INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| FIREMAN'S FUND INSURANCE COMPANY OF NEBRASKA<br>ATTN: PATRICIA FARRELL<br>777 SAN MARIN DRIVE<br>NOVATO, CA 94998 | NE | ALLIANZ INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| FIREMAN'S FUND INSURANCE COMPANY<br>ATTN: PATRICIA FARRELL<br>777 SAN MARIN DRIVE<br>NOVATO, CA 94998 | CA | ALLIANZ INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| NATIONAL SURETY CORPORATION<br>777 SAN MARIN DRIVE<br>NOVATO, CA 94998 | IL | ALLIANZ INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| AMERICAN NATIONAL FIRE INSURANCE CO A/K/A AMERICAN FINANCIAL INSURANCE GROUP<br>580 WALNUT STREET, SUITE 825<br>CINCINNATI OH 45202 | NY | AMERICAN FINANCIAL INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| AGRICULTURAL INSURANCE COMPANY<br>580 WALNUT STREET<br>CINCINNATI, OH 45202 | OH | AMERICAN FINANCIAL INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| AMERICAN ALLIANCE INSURANCE COMPANY<br>580 WALNUT STREET<br>CINCINNATI, OH 45202 | AZ | AMERICAN FINANCIAL INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |

-16-

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY 580 WALNUT STREET CINCINNATI, OH 45202 | OH | AMERICAN FINANCIAL INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| AMERICAN INTERNATIONAL GROUP 70 PINE ST NEW YORK NY 10270 | NY | AMERICAN INTERNATIONAL GROUP (AIG) | THE PRENTICE-HALL CORPORATION SYSTEM, INC. 15 COLUMBUS CIRCLE NEW YORK, NY 12206 |
| AIU INSURANCE COMPANY 70 PINE STREET NEW YORK, NY 10270 | NY | AMERICAN INTERNATIONAL GROUP (AIG) | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| AMERICAN HOME ASSURANCE COMPANY 70 PINE STREET NEW YORK, NY 10270 | NY | AMERICAN INTERNATIONAL GROUP (AIG) | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| AMERICAN INTERNATIONAL INSURANCE COMPANY 505 CARR ROAD WILMINGTON, DE 19809 | NY | AMERICAN INTERNATIONAL GROUP (AIG) | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA 70 PINE STREET NEW YORK, NY 10270 | PA | AMERICAN INTERNATIONAL GROUP (AIG) | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| COMMERCE AND INDUSTRY INSURANCE COMPANY 70 PINE STREET NEW YORK, NY 10270 | NY | AMERICAN INTERNATIONAL GROUP (AIG) | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| GRANITE STATE INSURANCE COMPANY 70 PINE STREET NEW YORK, NY 10270 | PA | AMERICAN INTERNATIONAL GROUP (AIG) | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| ILLINOIS NATIONAL INSURANCE COMPANY 500 WEST MADISON STREET CHICAGO, IL 60606-2511 | IL | AMERICAN INTERNATIONAL GROUP (AIG) | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA 70 PINE STREET NEW YORK, NY 10270 | PA | AMERICAN INTERNATIONAL GROUP (AIG) | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA 70 PINE STREET NEW YORK, NY 10270 | PA | AMERICAN INTERNATIONAL GROUP (AIG) | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| NEW HAMPSHIRE INSURANCE COMPANY 70 PINE STREET NEW YORK, NY 10270 | PA | AMERICAN INTERNATIONAL GROUP (AIG) | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| ARGONAUT GROUP, INC. 250 MIDDLEFIELD RD. MENLO PARK, CA 94025 | CA | ARGONAUT GROUP | CT CORPORATION SYSTEM 818 WEST SEVENTH STREET LOS ANGELES, CA 90017 |
| ARGONAUT INSURANCE COMPANY 250 MIDDLEFIELD ROAD MENLO PARK, CA 94025-3507 | CA | ARGONAUT GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| ARGONAUT-MIDWEST INSURANCE COMPANY 250 MIDDLEFIELD ROAD MENLO PARK, CA 94025-3507 | IL | ARGONAUT GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| CHUBB & SON, INC. 15 MOUNTAIN VIEW RD. WARREN, NJ 07059 | NY | CHUBB & SON INC | CT CORPORATION SYSTEM 1200 S. PINE ISLAND ROAD PLANTATION, FL 33324 |
| CHUBB INDEMNITY INSURANCE COMPANY 100 WILLIAM ST. NEW YORK, NY 10038 | NY | CHUBB & SON, INC. | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| CHUBB NATIONAL INSURANCE COMPANY P.O. BOX 1615 WARREN, NJ 07061-1615 | IN | CHUBB & SON, INC. | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| FEDERAL INSURANCE COMPANY 15 MOUNTAIN VIEW ROAD WARREN, NJ 07061-1615 | IN | CHUBB & SON, INC. | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| GREAT NORTHERN INSURANCE COMPANY 15 MOUNTAIN VIEW ROAD WARREN, NJ 07061-1615 | MN | CHUBB & SON INC. | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| PACIFIC INDEMNITY COMPANY 15 MOUNTAIN VIEW ROAD WARREN, NJ 07061-1615 | CA | CHUBB & SON INC. | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC. | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| VIGILANT INSURANCE COMPANY<br>100 WILLIAM STREET<br>NEW YORK, NY 10038 | NY | CHUBB SON INC. | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| CIGNA CORPORATION A/K/A CIGNA COMPANIES A/K/A CIGNA GROUP<br>1601 CHESTNUT ST.<br>PO BOX 7716<br>PHILADELPHIA, PA 19192 | DE | CIGNA GROUP | WILSON H. TAYLOR OR THOMAS J. WAGNER<br>ONE LIBERTY PLACE<br>PHILADELPHIA, PA 19192 |
| BANKERS STANDARD FIRE AND MARINE COMPANY<br>600 EAST LAS COLINAS BLVD., SUITE 950<br>IRVING, TX 75039 | TX | CIGNA GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| BANKERS STANDARD INSURANCE COMPANY<br>P.O. BOX 7716<br>PHILADELPHIA, PA 19192 | FL | CIGNA GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| CENTURY INDEMNITY COMPANY<br>1601 CHESTNUT STREET<br>PHILADELPHIA, PA 19192 | CT | CIGNA GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| CIGNA EMPLOYERS INSURANCE COMPANY<br>1601 CHESTNUT STREET<br>PHILADELPHIA, PA 19192 | CT | CIGNA GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| CIGNA FIRE UNDERWRITERS INSURANCE COMPANY<br>1601 CHESTNUT STREET<br>PHILADELPHIA, PA 19192 | CT | CIGNA GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| CIGNA INSURANCE COMPANY<br>1601 CHESTNUT STREET<br>PHILADELPHIA, PA 19192 | CT | CIGNA GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY<br>1601 CHESTNUT STREET<br>PHILADELPHIA, PA 19192 | CT | CIGNA GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA<br>P.O. BOX 7716<br>PHILADELPHIA, PA 19192 | NY | CIGNA GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| INSURANCE COMPANY OF NORTH AMERICA<br>P.O. BOX 7716<br>PHILADELPHIA, PA 19192 | PA | CIGNA GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| PACIFIC EMPLOYERS INSURANCE COMPANY<br>1601 CHESTNUT STREET<br>PHILADELPHIA, PA 19192 | CA | CIGNA GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| CONTINENTAL CASUALTY COMPANY A/K/A CNA INSURANCE GROUP<br>CNA PLAZA<br>CHICAGO, IL 60685 | IL | CNA INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA<br>CNA PLAZA<br>CHICAGO, IL 60685 | PA | CNA INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD<br>CNA PLAZA<br>CHICAGO, IL 60685 | CT | CNA INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TRANSCONTINENTAL INSURANCE COMPANY<br>CNA PLAZA - 31S<br>CHICAGO, IL 60685 | NY | CNA INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TRANSPORTATION INSURANCE COMPANY<br>CNA PLAZA<br>CHICAGO, IL 60685 | IL | CNA INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| VALLEY FORGE INSURANCE COMPANY<br>CNA PLAZA<br>CHICAGO, IL 60685 | PA | CNA INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| COMMERCIAL UNION INSURANCE COMPANY A/K/A COMMERCIAL UNION GROUP<br>ONE BEACON STREET<br>BOSTON, MA 02108 | MA | COMMERCIAL UNION | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| AMERICAN EMPLOYERS' INSURANCE COMPANY<br>ONE BEACON STREET<br>BOSTON, MA 02108 | MA | COMMERCIAL UNION | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |

-21-

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| EMPLOYERS FIRE INSURANCE COMPANY ONE BEACON STREET BOSTON, MA 02108 | MA | COMMERCIAL UNION | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| NORTHERN ASSURANCE COMPANY OF AMERICA ONE BEACON STREET BOSTON, MA 02108 | MA | COMMERCIAL UNION | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| CONTINENTAL INSURANCE CO A/K/A CONTINENTAL GROUP CNA PLAZA CHICAGO, IL 60685 | NH | CONTINENTAL GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| BOSTON OLD COLONY INSURANCE COMPANY CNA PLAZA CHICAGO, IL 60685 | MA | CONTINENTAL GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| BUCKEYE UNION INSURANCE COMPANY P.O. BOX 1499 COLUMBUS, OH 43216 | OH | CONTINENTAL GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY CNA PLAZA CHICAGO, IL 60685 | NJ | CONTINENTAL GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| FIDELITY AND CASUALTY COMPANY OF NEW YORK CNA PLAZA CHICAGO, IL 60685 | MH | CONTINENTAL GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY CNA PLAZA CHICAGO, IL 60685 | NJ | CONTINENTAL GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| GLENS FALLS INSURANCE COMPANY CNA PLAZA CHICAGO, IL 60685 | DE | CONTINENTAL GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| KANSAS CITY FIRE AND MARINE INSURANCE COMPANY CNA PLAZA CHICAGO, IL 60685 | MO | CONTINENTAL GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| NATIONAL BEN FRANKLIN INSURANCE COMPANY OF ILLINOIS 200 SOUTH WACKER CHICAGO, IL 60606 | IL | CONTINENTAL GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| NIAGARA FIRE INSURANCE COMPANY 180 MAIDEN LANE NEW YORK, NY 10038 | DE | CONTINENTAL GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| CRUM & FORSTER HOLDINGS, INC. F/K/A CRUM & FORSTER, INC. A/K/A CRUM & FORSTER GROUP 305 MADISON AVENUE MORRISTOWN, NJ 07690 | NJ | CRUM & FORSTER GROUP | THE PRENTICE-HALL CORPORATION SYSTEM, INC. 1209 ORANGE STREET WILMINGTON, DE 19805 |
| COREGIS INSURANCE COMPANY 181 WEST MADISON AVENUE, SUITE 2600 CHICAGO, IL 60602 | IN | CRUM & FORSTER GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| CRUM & FORSTER INDEMNITY COMPANY 305 MADISON AVENUE MORRISTOWN, NJ 07960 | NH | CRUM & FORSTER GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| INDUSTRIAL INDEMNITY COMPANY 255 CALIFORNIA STREET SAN FRANCISCO, CA 94111 | CA | CRUM & FORSTER GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| NORTH RIVER INSURANCE COMPANY 305 MADISON AVENUE MORRISTOWN, NJ 07690 | NJ | CRUM & FORSTER GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| UNITED STATES FIRE INSURANCE COMPANY 305 MADISON AVENUE MORRISTOWN, NJ 07690 | NY | CRUM & FORSTER GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| WESTCHESTER FIRE INSURANCE COMPANY SIX CONCOURSE PARKWAY, SUITE 2700 ATLANTA, GA 30328-5346 | NY | CRUM & FORSTER GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| EMPLOYERS MUTUAL CASUALTY CO A/K/A EMC INSURANCE COMPANIES PO BOX 712 DES MOINES, IA 50303-0712 | IA | EMC INSURANCE COMPANIES | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| AMERICAN LIBERTY INSURANCE COMPANY P.O. BOX 1568 BIRMINGHAM, AL 35201-1568 | AL | EMC INSURANCE COMPANIES | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| GENERAL ACCIDENT INSURANCE GROUP 436 WALNUT ST PO BOX 1109 PHILADELPHIA, PA 19105-1109 | PA | GENERAL ACCIDENT INSURANCE | ELIZABETH BOWDEN 2601 WESTHALL LANE MAITLAND, FL 32751 |
| CAMDEN FIRE-INSURANCE ASSOCIATION P.O. BOX 1109 PHILADELPHIA, PA 19105-1109 | NJ | GENERAL ACCIDENT INSURANCE | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA 436 WALNUT STREET PHILADELPHIA, PA 19105-1109 | PA | GENERAL ACCIDENT INSURANCE | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| PENNSYLVANIA GENERAL INSURANCE COMPANY P.O. BOX 1109 PHILADELPHIA, PA 19105-1109 | PA | GENERAL ACCIDENT INSURANCE | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| TRI-STATE INSURANCE COMPANY P.O. BOX 3269 TULSA, OK 74102 | OK | GENERAL ACCIDENT INSURANCE | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| HIGHLANDS INSURANCE COMPANY A/K/A HALLIBURTON GROUP 10370 RICHMOND AVE. HOUSTON, TX 77042 | TX | HALLIBURTON GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| HIGHLAND UNDERWRITERS INSURANCE COMPANY 10370 RICHMOND AVE. HOUSTON, TX 77042-4123 | TX | HALLIBURTON GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| HARTFORD FIRE INSURANCE CO A/K/A HARTFORD FIRE & CASUALTY GROUP HARTFORD PLAZA HARTFORD, CT 06115 | CT | HARTFORD F & C GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY HARTFORD PLAZA HARTFORD, CT 06115 | CT | HARTFORD F&C GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC. | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY HARTFORD PLAZA HARTFORD, CT 06115 | IN | HARTFORD F&C GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| HARTFORD INSURANCE COMPANY OF THE SOUTHEAST HARTFORD PLAZA HARTFORD, CT 06115 | FL | HARTFORD F&C GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| HARTFORD INSURANCE COMPANY OF THE MIDWEST HARTFORD PLAZA HARTFORD, CT 06115 | IN | HARTFORD F&C GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| HARTFORD UNDERWRITERS INSURANCE COMPANY HARTFORD PLAZA HARTFORD, CT 06115 | IN | HARTFORD F&C GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| TWIN CITY FIRE INSURANCE COMPANY HARTFORD PLAZA HARTFORD, CT 06115 | IN | HARTFORD F&C GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| HOME INSURANCE COMPANY A/K/A HOME INSURANCE GROUP 59 MAIDEN LANE, 7TH FLOOR NEW YORK, NY 10038 | NH | HOME INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| LIBERTY MUTUAL INSURANCE CO A/K/A LIBERTY MUTUAL GROUP 175 BERKELEY ST. BOSTON, MA 02117 | MA | LIBERTY MUTUAL GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| LIBERTY INSURANCE CORPORATION 175 BERKELEY STREET BOSTON, MA 02117 | VT | LIBERTY MUTUAL INSURANCE CO | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY 175 BERKELEY STREET BOSTON, MA 02117 | MA | LIBERTY MUTUAL INSURANCE CO | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| LUMBERMENS MUTUAL CASUALTY CO A/K/A LUMBERMENS MUTUAL CASUALTY GROUP ONE KEMPER DRIVE LONG GROVE, IL 60049 | IL | LUMBERMENS MUTUAL CASUALTY GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY ONE KEMPER DRIVE LONG GROVE, IL 60049-0001 | IL | LUMBERMENS MUTUAL CASUALTY GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| AMERICAN PROTECTION INSURANCE COMPANY ONE KEMPER DRIVE LONG GROVE, IL 60049-0001 | IL | LUMBERMENS MUTUAL CASUALTY GROUP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| NATIONWIDE CORP. ONE NATIONWIDE PLAZA COLUMBUS, OH 43216 | OH | NATIONWIDE CORP. | GORDON E. MCCUTCHAN ONE NATIONWIDE PLAZA COLUMBUS, OH 43216 |
| EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY P.O. BOX 8017 WAUSAU, WI 54402-8017 | WI | NATIONWIDE CORP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY ONE NATIONWIDE PLAZA COLUMBUS, OH 43216 | OH | NATIONWIDE CORP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| NATIONWIDE MUTUAL INSURANCE COMPANY ONE NATIONWIDE PLAZA COLUMBUS, OH 43216 | OH | NATIONWIDE CORP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY ONE NATIONWIDE PLAZA COLUMBUS, OH 43216 | OH | NATIONWIDE CORP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| WAUSAU BUSINESS INSURANCE COMPANY P.O. BOX 8017 WAUSAU, WI 54402-8017 | WI | NATIONWIDE CORP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| WAUSAU UNDERWRITERS INSURANCE COMPANY P.O. BOX 8017 WAUSAU, WI 54402-8017 | WI | NATIONWIDE CORP | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| OHIO CASUALTY INSURANCE CO A/K/A OHIO CASUALTY GROUP 136 N. THIRD STREET HAMILTON, OH 45025 | OH | OHIO CASUALTY GROUP | T.F. SPULLER 500 WINDERLEY PL SUITE 200 MAITLAND, FL 32751 |

-26-

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| AMERICAN FIRE AND CASUALTY COMPANY<br>136 NORTH THIRD STREET<br>HAMILTON, OH 45025 | OH | OHIO CASUALTY GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| WEST AMERICAN INSURANCE COMPANY<br>136 NORTH THIRD STREET<br>HAMILTON, OH 45025 | CA | OHIO CASUALTY GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| OLD REPUBLIC INSURANCE CORP<br>320 18TH STREET<br>ROCK ISLAND, IL 61201 | PA | OLD REPUBLIC GROUP | ROBERT CALDWELL<br>419 N. DAWSON STREET<br>THOMASVILLE, GA 31792 |
| BITUMINOUS CASUALTY CORPORATION<br>320 18TH STREET<br>ROCK ISLAND, IL 61201 | IL | OLD REPUBLIC GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| OLD REPUBLIC INSURANCE COMPANY<br>P.O. BOX 789<br>GREENSBURG, PA 15601-0789 | PA | OLD REPUBLIC GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| ORION CAPITAL COMPANIES, INC. A/K/A ORION CAPITAL GROUP<br>PO BOX 420<br>HARTFORD, CT 06141 | CT | ORION CAPITAL GROUP | CT CORPORATION SYSTEM<br>ONE COMMERCIAL PLAZA<br>HARTFORD, CT 06103 |
| CONNECTICUT INDEMNITY COMPANY<br>P.O. BOX 420<br>HARTFORD, CT 06141 | CT | ORION CAPITAL GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| FIRE AND CASUALTY INSURANCE COMPANY OF CONNECTICUT<br>P.O. BOX 420<br>HARTFORD, CT 06141 | CT | ORION CAPITAL GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| RELIANCE INSURANCE COMPANY A/K/A RELIANCE GROUP<br>4 PENN CENTER PLAZA<br>PHILADELPHIA, PA 19103 | PA | RELIANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| RELIANCE SURETY COMPANY<br>4 PENN CENTER PLAZA<br>PHILADELPHIA, PA 19103 | DE | RELIANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| RELIANCE NATIONAL INDEMNITY COMPANY<br>4 PENN CENTER PLAZA<br>PHILADELPHIA, PA 19103 | WI | RELIANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| RELIANCE NATIONAL INSURANCE COMPANY<br>4 PENN CENTER PLAZA<br>PHILADELPHIA, PA 19103 | DE | RELIANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| UNITED PACIFIC INSURANCE COMPANY<br>4 PENN CENTER PLAZA<br>PHILADELPHIA, PA 19103 | PA | RELIANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| ROYAL INSURANCE GROUP<br>9300 ARROWPOINT BLVD.<br>P.O. BOX 1000<br>CHARLOTTE, NC 28201 | FL | ROYAL GROUP | DAVID H. PAULEY<br>1024 HISPANA AVE.<br>FT. PIERCE, FL 33450 |
| AMERICAN AND FOREIGN INSURANCE COMPANY<br>9300 ARROWPOINT BOULEVARD<br>CHARLOTTE, NC 28201 | DE | ROYAL GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| GLOBE INDEMNITY COMPANY<br>9300 ARROWPOINT BLVD.<br>CHARLOTTE, NC 28201-1000 | DE | ROYAL GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| NEWARK INSURANCE COMPANY<br>9300 ARROWPOINT BOULEVARD<br>CHARLOTTE, NC 28201 | NJ | ROYAL GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| ROYAL INDEMNITY COMPANY<br>9300 ARROWPOINT BLVD.<br>CHARLOTTE, NC 28201-1000 | DE | ROYAL GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| ROYAL INSURANCE COMPANY OF AMERICA<br>495 NORTH COMMONS DRIVE<br>AURORA, IL 60504 | IL | ROYAL GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| ROYAL SPECIAL RISKS INSURANCE COMPANY<br>9300 ARROWPOINT BOULEVARD<br>CHARLOTTE, NC 28201-1000 | CT | ROYAL GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| SAFEGUARD INSURANCE COMPANY<br>P.O. BOX 1000<br>CHARLOTTE, NC 28201-1000 | CT | ROYAL GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| SENTRY INSURANCE, A MUTUAL COMPANY A/K/A SENTRY INSURANCE GROUP<br>1800 NORTH POINT DR.<br>STEVENS POINT, WI 54481 | WI | SENTRY INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| MIDDLESEX INSURANCE COMPANY<br>1800 NORTH POINT DRIVE<br>STEVENS POINT, WI 54481 | WI | SENTRY INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| PATRIOT GENERAL INSURANCE COMPANY<br>1800 NORTH POINT DRIVE<br>STEVENS POINT, WI 54481 | WI | SENTRY INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| CATAWBA INSURANCE COMPANY<br>P.O. BOX 1<br>COLUMBIA, SC 29202 | SC | SOUTH CAROLINA INSURANCE | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| CONSOLIDATED AMERICAN INSURANCE COMPANY<br>P.O. BOX 1<br>COLUMBIA, SC 29202 | SC | SOUTH CAROLINA INSURANCE | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| THE TRAVELERS INSURANCE GROUP, INC.<br>ONE TOWER SQUARE<br>HARTFORD, CT 06183 | CT | THE TRAVELERS GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| ATLANTIC INSURANCE COMPANY<br>P.O. BOX 1771<br>DALLAS, TX 75221-1771 | TX | THE TRAVELERS GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| CHARTER OAK FIRE INSURANCE COMPANY<br>ONE TOWER SQUARE<br>HARTFORD, CT 06183-6014 | CT | THE TRAVELERS GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| GULF INSURANCE COMPANY<br>P.O. BOX 1771<br>DALLAS, TX 75221-1771 | MO | THE TRAVELERS GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| PHOENIX INSURANCE COMPANY<br>ONE TOWER SQUARE<br>HARTFORD, CT 06183-6014 | CT | THE TRAVELERS GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| SELECT INSURANCE COMPANY<br>P.O. BOX 1771<br>DALLAS, TX 75221-1771 | TX | THE TRAVELERS GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TRAVELERS INDEMNITY COMPANY OF AMERICA<br>211 PERIMETER CENTER PARKWAY<br>ATLANTA, GA 30346 | GA | THE TRAVELERS GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT<br>ONE TOWER SQUARE<br>HARTFORD, CT 06183-6014 | CT | THE TRAVELERS GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TRAVELERS INDEMNITY COMPANY OF ILLINOIS<br>184 SHUMAN BOULEVARD<br>NAPERVILLE, IL 60563 | IL | THE TRAVELERS GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TRAVELERS INDEMNITY COMPANY<br>ONE TOWER SQUARE<br>HARTFORD, CT 06183-6014 | CT | THE TRAVELERS GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TRAVELERS INSURANCE COMPANY<br>ONE TOWER SQUARE<br>HARTFORD, CT 06183 | CT | THE TRAVELERS GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TIG INSURANCE GROUP (INC.)<br>PO BOX 152870<br>IRVING, TX 75015-8810 | CA | TIG INSURANCE GROUP | PAUL CONROY<br>444 MARKET ST.<br>SAN FRANCISCO, CA 94111 |
| TIG INDEMNITY COMPANY<br>P.O. BOX 152870<br>IRVING, TX 75015-8810 | CA | TIG INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TIG SPECIALTY INSURANCE COMPANY<br>P.O. BOX 152870<br>IRVING, TX 75015-8810 | CA | TIG INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| TIG PREMIER INSURANCE COMPANY<br>5205 NORTH O'CONNER BOULEVARD<br>IRVING, TX 75039 | CA | TIG INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TIG INSURANCE COMPANY<br>P.O. BOX 152870<br>IRVING, TX 75015-8810 | CA | TIG INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TIG INSURANCE COMPANY OF MICHIGAN<br>70 WEST MICHIGAN AVENUE<br>BATTLE CREEK, MI 49017 | CA | TIG INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TIG INSURANCE CORPORATION OF AMERICA<br>70 WEST MICHIGAN AVENUE<br>BATTLE CREEK, MI 49017 | CA | TIG INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TOKIO MARINE CONSOLIDATED<br>101 PARK AVE<br>NEW YORK, NY 10178-0095 | NY | TOKIO MARINE CONSOLIDATED | JOSEPH L. SEILER, III<br>LEBOEUF, LAMB, LEIBY & MACRAE<br>125 W. 55TH STREET<br>NEW YORK, NY 10019-5389 |
| HOUSTON GENERAL INSURANCE COMPANY<br>P.O. BOX 2932<br>FORTH WORTH, TX 76113-2932 | TX | TOKIO MARINE CONSOLIDATED | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TOKIO MARINE AND FIRE INS. CO. LIMITED (US BRANCH)<br>101 PARK AVENUE<br>NEW YORK, NY 10178 | NY | TOKIO MARINE CONSOLIDATED | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| TRANS PACIFIC INSURANCE COMPANY<br>101 PARK AVENUE<br>NEW YORK, NY 10178-0095 | NY | TOKIO MARINE CONSOLIDATED | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| UTICA MUTUAL INSURANCE CO A/K/A UTICA NATIONAL INSURANCE GROUP<br>P.O. BOX 530<br>UTICA, NY 13503 | NY | UTICA NATIONAL INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |
| GRAPHIC ARTS MUTUAL INSURANCE COMPANY<br>P.O. BOX 530<br>UTICA, NY 13503-0530 | NY | UTICA NATIONAL INSURANCE GROUP | FLORIDA DEPARTMENT OF INSURANCE<br>SERVICE OF PROCESS SECTION<br>P.O. BOX 6200<br>TALLAHASSEE, FL 32314-6200 |

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| AMERICAN ZURICH INSURANCE COMPANY A/K/A ZURICH-AMERICAN INSURANCE COMPANIES 1400 AMERICAN LANE SCHAUMBURG, IL 60196 | NY | ZURICH-AMERICAN INSURANCE COMPANIES | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY 1400 AMERICAN LANE SCHAUMBURG, IL 60196-1056 | NY | ZURICH-AMERICAN INSURANCE COMPANIES | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| ASSURANCE COMPANY OF AMERICA P.O. BOX 1228 BALTIMORE, MD 21203 | NY | ZURICH-AMERICAN INSURANCE COMPANIES | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| COLONIAL AMERICAN CASUALTY AND SURETY COMPANY 300 SAINT PAUL PLACE BALTIMORE, MD 21201 | MD | ZURICH-AMERICAN INSURANCE COMPANIES | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| EMPIRE FIRE AND MARINE INSURANCE COMPANY 1624 DOUGLAS STREET OMAHA, NE 68102 | NE | ZURICH-AMERICAN INSURANCE COMPANIES | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND 210 NORTH CHARLES STREET BALTIMORE, MD 21201 | MD | ZURICH-AMERICAN INSURANCE COMPANIES | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| MARYLAND CASUALTY COMPANY P.O. BOX 1228 BALTIMORE, MD 21203 | MD | ZURICH-AMERICAN INSURANCE COMPANIES | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| NORTHERN INSURANCE COMPANY OF NEW YORK P.O. BOX 1228 BALTIMORE, MD 21203 | NY | ZURICH-AMERICAN INSURANCE COMPANIES | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY 6363 COLLEGE BOULEVARD OVERLAND PARK, KS 66211-1551 | MO | ZURICH-AMERICAN INSURANCE COMPANIES | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| VALIANT INSURANCE COMPANY P.O. BOX 1228 BALTIMORE, MD 21203 | IA | ZURICH-AMERICAN INSURANCE COMPANIES | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |

| DEFENDANT HOME OFFICE ADDRESS | STATE OF INC | GROUP NAME | REGISTERED AGENT |
|---|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS 1400 AMERICAN LANE SCHAUMBURG, IL 60196 | IL | ZURICH-AMERICAN INSURANCE COMPANIES | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| ZURICH INSURANCE COMPANY (US BRANCH) 1400 AMERICAN LANE SCHAUMBURG, IL 60196 | NY | ZURICH-AMERICAN INSURANCE COMPANIES | FLORIDA DEPARTMENT OF INSURANCE SERVICE OF PROCESS SECTION P.O. BOX 6200 TALLAHASSEE, FL 32314-6200 |
| JOHNSON & HIGGINS OF FLORIDA, INC. 1 FIRST UNION FINANCIAL CENTER SUITE 2300 MIAMI, FL 33131 | FL | | CT CORPORATION SYSTEM 1200 SOUTH PINE ISLAND RD PLANTATION, FL 33324 |
| NATIONAL COUNCIL ON COMPENSATION INSURANCE, INC. (NCCI) 750 PARK OF COMMERCE DRIVE BOCA RATON, FL 33487 | FL | | CT CORPORATION SYSTEM 1200 SOUTH PINE ISLAND RD PLANTATION, FL 33324 |

19. Each Insurer Defendant identified above, and if the Defendant is a member of a group, its group as identified above, has acted in a joint venture and common enterprise with one or more of the other members of its same group, other groups, other insurance companies, agents, brokers, and the NCCI. Alternatively, each Insurer Defendant is the agent, instrumentality, and alter ego of the other members of its identified group. To recognize separate corporate identities would result in inequity and injustice to Plaintiffs and the Class, which have been damaged by Defendants' wrongdoing. Further, the requisite formalities associated with corporations have been ignored within the identified groups in such a fashion as to require the Court to ignore any corporate fiction among members of the group, and pierce each member Defendant's corporate veil. Accordingly, each member of a commonly controlled group is liable for the acts of the other members of the group and each group should be treated as a single entity for purposes of assigning liability.

20. Each Insurer Defendant, or if the Defendant is a member of a commonly controlled group, its group as identified above, participated in the misconduct complained of herein, as a primary violator, as a co-conspirator and/or as an aider-and-abettor. Defendants combined among themselves to accomplish a shared unlawful purpose (*i.e.*, to charge assessments, fees, factors, surcharges, and loads that varied from the filings made with and approved by the Commissioner, to charge higher prices than would have existed in the absence of such combination, and to conceal such wrongdoing) with mutual aid and a tacit understanding in carrying it out, and committed the other acts alleged in this Complaint and have damaged Plaintiffs and the Class. Defendants are each responsible for all wrongdoing done by any other conspirator in furtherance of the unlawful combination.

21. Defendant Johnson & Higgins of Florida, Inc. (*Johnson & Higgins*) is a Florida insurance broker with its principal place of business at 1 First Union Financial Center, Suite 2300, Miami, Florida 33131. Johnson & Higgins has over 40 employees located in Miami and at branches in Tampa and Maitland. During all or part of the Class Period, Johnson & Higgins acted as a major broker for many of the Insurer Defendants, including Aetna Casualty, Chubb and Sons, Hartford, Royal Globe Insurance, INA, Employers Insurance of Wausau, and the Travelers Group. Johnson & Higgins served as a conduit for communications, negotiations, and financial transactions between and among employers purchasing workers' compensation insurance, local agents, and the insurance companies. In many instances, Johnson & Higgins prepared competitive quotations and handled negotiations for and at the direction of the insurance companies and their respective groups. Johnson & Higgins obtained side agreements and handled collection of premiums and other charges,

-33-

including the improper charges complained of herein, on behalf of Insurer Defendants. Johnson & Higgins also acted as a conduit for communications with the NCCI.

22. Defendant NCCI is a non-profit corporation (formerly an unincorporated association), organized, funded, operated, and controlled by insurance companies, including the Insurer Defendants. Each Insurer Defendant is, and was at all relevant times, a member of the NCCI. The NCCI identifies itself as the nation's largest workers' compensation data gathering and statistical organization. During the relevant times, the NCCI filed specimen policies (models for the Policies), policy provisions, and model forms with the Commissioner on behalf of the Insurer Defendants, and furnished such filed policy forms and provisions to Insurer Defendants for their use.

23. In substance, the NCCI is a joint enterprise among the Insurer Defendants and other insurance companies that assists and facilitates their profit-making efforts. Through their appointed representatives to the Board and standing committees of the NCCI (who typically are officers and employees of the Insurer Defendants appointing them), the Insurer Defendants and other insurance companies exercise the mutual right of control and management of the NCCI. With respect to the matters alleged herein, the NCCI has operated as a mere tool and instrumentality of the Insurer Defendants and as their agent and alter ego. By virtue of, among other things, the control exercised by its members over the NCCI, any knowledge or other information available to the NCCI may be imputed to the Insurer Defendants; conversely, any knowledge or other information available to the Insurer Defendants may be imputed to the NCCI. Moreover, the corporate veil surrounding the NCCI should be pierced and the member insurance companies, including the Insurer Defendants,

-34-

held individually liable for any misconduct on its part because, among other reasons, the NCCI has been used as part of an unfair device to achieve inequitable results, as alleged herein.

## BACKGROUND INFORMATION

### Workers' Compensation Insurance

24. Workers' compensation insurance is an insurance product sold to employers to cover the costs of medical care and rehabilitation for employees injured within the course and scope of their employment. Workers' compensation insurance also provides coverage for lost wages and death benefits for the dependents of workers killed in work-related accidents.

25. All Florida employers are required by law to provide workers' compensation insurance for their employees, either by self-insuring or by purchasing insurance from an entity authorized to transact the business of workers' compensation insurance in the State of Florida. Every year, Florida employers pay hundreds of millions of dollars in premiums and other charges for workers' compensation insurance.

26. Florida maintains a residual market program for the writing of workers' compensation policies for employers that cannot obtain, or otherwise do not have, workers' compensation insurance. Insurance companies that underwrite workers' compensation risks within the State may be assigned a residual market participant (employer), either voluntarily (i.e., the insurance carrier elects to cover a residual market participant) or through an assignment system (the insured so assigned are hereinafter referred to as "Assigned Risk Participants"). During the relevant years, insurance companies covering workers' compensation risks of Assigned Risk Participants were not authorized by the Commissioner to

make any assessment against other workers' compensation policy holders to cover residual market losses (i.e., losses incurred with respect to Assigned Risk Participants) unless previously filed for and approved by the Commissioner. Any unauthorized assessment against or collected from any Florida policy-holder was and is unlawful.

**Retrospective Rating v. Standard Guaranteed Cost**

27. A retrospectively rated arrangement to provide workers' compensation insurance coverage ordinarily is less expensive than a standard guaranteed cost plan. A retrospective rating plan takes into account the employer's actual experience in controlling and reducing losses and offers the insured an opportunity to receive a credit or refund if the premium paid exceeds the actual losses covered by the policy (and any other associated costs and expenses). In Florida, retrospective rating arrangements are the predominant workers' compensation vehicle for medium and large-size employers.

28. Under a retrospective rating plan, the insured ultimately pays a premium based on the losses actually incurred during the policy coverage period (typically, one year). The premium is adjusted periodically to reflect the actual losses incurred during the policy period. Losses may be paid for several years beyond the policy period and are subject to periodic adjustment as they mature, even after the policy period ends. Accordingly, the policy typically remains "open" as long as claims are being paid and adjusted, which, in some instances, may extend for years beyond the end of the coverage period set out in the policy.

## DEFENDANTS' WRONGFUL SCHEME,
## CONSPIRACY, AND COMMON COURSE OF CONDUCT

29.  Plaintiffs Bristol, FFE, El Chico, and Kaspar are Florida employers which agreed to purchase and did purchase Policies from defendants National Union, Hartford Midwest, Transportation, and CIGNA Group and paid substantial premiums and other charges in connection therewith during the relevant times.

30.  During the relevant times, defendants National Union, Hartford Midwest, Transportation, CIGNA Group, and the other Insurer Defendants, acting individually and conspiring with and aiding and abetting one another, used agreements and forms and charged fees, factors, surcharges, loads, and assessments that varied from the filings made with and approved by the Commissioner.  Among other things, Insurer Defendants utilized a higher-than-allowed "tax multiplier" to calculate amounts owing under Policies.  In other instances, Insurer Defendants added a residual market surcharge to the lawful, approved premium charge, even though (i) the Commissioner never authorized the residual market surcharge or assessment, and/or (ii) the approved premium rate on file with the Commissioner already incorporated a component for a residual market charge.  The Insurer Defendants effected their illicit scheme through and with the assistance and cooperation of the NCCI, as alleged herein.

31.  As examples, the Insurer Defendants committed at least the following fraudulent acts in furtherance of their illicit scheme:

(a)  By letter to El Chico Corporation, dated March 16, 1989, and sent through the U.S. mail, an authorized agent of the Transportation Insurance Company provided a renewal quote for the March 11, 1989 - 1990 policy year that included an undisclosed assigned risk overburden.

(b)  By letter dated September 7, 1991 and sent through the U.S. mail, Paul S. Vaughn, account executive with CNA Companies, acting on behalf of its Transportation Insurance Company, wrote to Wayne Yniquez, of Marsh & McLennan, Inc., confirming El Chico's 1991-1992 retrospective arrangement plan.  This letter was materially false and misleading in that, among other things, the premium charge contained an undisclosed assigned risk overburden.

(c)  By letter to Bill Scott of El Chico restaurants, Inc. dated December 4, 1992 and sent through the U.S. mail, Paul S. Vaughn, account executive with CNA Companies outlined the Retro Plan Adjustments for policy years 1987 through 1991.  This letter was materially false and misleading in that, among other things, one or more of these adjustments contained undisclosed residual market overburden charges.

(d)  Annual retro adjustments continued to be made to the Policies, the most recent of which was valued as of September 1, 1995.  The U.S. mails and were systematically used to transmit annual retro adjustments that contained undisclosed unauthorized residual market overburden charges.  Substantially the same information as was conveyed through the U.S. mails was also conveyed by telephonic means.

32.  Defendants' wrongful plan, scheme, and common course of conduct was designed to and did induce Plaintiffs and other members of the Class to purchase or renew

-38-

Policies from the Insurer Defendants at unlawful prices that varied from the rates filed with, and approved by, the Commissioner and to pay such unlawful prices.

33. The Policies, policy forms, side agreements, and invoices provided to Plaintiffs and members of the Class by Insurer Defendants, which in most instances were provided by means of the U.S. mail and/or interstate telephonic transmissions, were materially false and misleading because they misrepresented the fundamental nature and terms of the Policies. These and other documents misrepresented and failed to disclose to Plaintiffs and other members of the Class numerous material facts, including, among other things, the following:

(a) That the charges violated the levels set by filings made by the Insurer Defendants, or the NCCI on their behalf, under Florida law;

(b) That the true premiums charged Plaintiffs and other members of the Class exceeded the amount represented on invoice materials as the "premium";

(c) That certain purported "service" charges were, contrary to their description, actually hidden additions to the premium charge; and

(d) That the retrospective rating factors and formulae used for calculation of premiums deviated from those approved for use in the State of Florida.

34. Because the Insurer Defendants misrepresented and failed to disclose such material facts, the uniform sales presentations, policy invoices, and other documents prepared and used by Insurer Defendants and their authorized agents and representatives were materially false, misleading, and deceptive.

## INJURIES TO THE CLASS

35.  As a result of the wrongful acts and omissions complained of herein, Plaintiffs and the members of the Class were induced to, and did: (i) purchase or renew the Policies and (ii) pay unlawful prices and other charges thereunder that varied from the filings made with the Commissioner.

36.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs and members of the Class have sustained substantial injuries and damages, including, among other things:

(a)  payment of actual policy costs substantially in excess of the amounts represented by Defendants; and

(b)  payment of prices for the Policies that varied from and exceeded the filings made with the Commissioner and allowed by Florida law.

37.  Insurer Defendants had the duty and ability to review the policy materials being utilized by their authorized agents and representatives.  Insurer Defendants failed and refused to discourage or stop the deceptive and wrongful practices of their agents and representatives and, instead, authorized, encouraged, approved and ratified such misconduct in order to perpetrate the wrongful scheme complained of herein and reap millions of dollars in unlawful profits.  As a licensed rate filing organization in Florida, the NCCI also had the duty and ability to review the policy materials used by its members, including the Insurer Defendants.  The NCCI failed and refused to discourage or stop the deceptive practices complained of herein and, instead, encouraged, participated in, and assisted such misconduct in order to aid in perpetuating their unlawful scheme.

-40-

## FRAUDULENT CONCEALMENT

38.  Defendants affirmatively and fraudulently concealed the unlawful conduct complained of herein from plaintiffs and other members of the Class.  Consequently, and despite the exercise of reasonable diligence, Plaintiffs and members of the Class could not discover and were prevented from discovering Defendants' misdeeds.

39.  The running of the statute of limitations, therefore, is suspended with respect to any claims that Plaintiffs or other members of the Class have brought as a result of the unlawful course of conduct alleged herein.

## CLASS ACTION ALLEGATIONS

40.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and as the representatives of the following proposed Class:

> All persons who purchased or renewed any retrospectively rated or retrospectively adjusted workers' compensation insurance policy covering risks located within the State of Florida during the period after January 1, 1988 (the *Class Period*).  Excluded from the Class are: Defendants and members of the NCCI; each of their parents, subsidiaries, and affiliates; any person controlled by any excluded person; and the legal representatives, heirs, successors, and assigns of any excluded person.

41.  Class certification is appropriate under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  The Class is so numerous that joinder of all members into one action is impracticable.  Although Plaintiffs do not know the exact size of the Class since such information is in the exclusive control of Defendants, based on the nature and scope of the activities involved herein, Plaintiffs believe that the members of the Class number at least in the thousands and are geographically dispersed throughout the jurisdiction and elsewhere.

42. Plaintiffs will fairly and adequately represent the interests of the Class and have no interest that conflicts with or is antagonistic to the interests of Class members. Plaintiffs have retained attorneys competent and experienced in class actions and complex civil litigation.

43. Plaintiffs' claims are typical of those of all members of the Class. Plaintiffs and all members of the Class were damaged by the same or similar conduct by the Defendants, as complained of herein.

44. Questions of law and fact arising out of Defendants' conduct are common to all members of the Class, and such common issues of law and fact predominate over any questions affecting only individual members of the Class. Common issues of law and fact include, but are not limited to, the following:

(a) Whether the prices that Defendants charged Plaintiffs and other members of the Class were in excess of or otherwise not in accordance with the rates filed with and approved by the Commissioner;

(b) Whether Defendants and their agents used policy forms that were not in accordance with those filed with and approved by the Commissioner;

(c) Whether Defendants used factors in determining charges due under retrospectively rated arrangements providing workers' compensation coverage in Florida other than those approved by the Commissioner;

(d) Whether Defendants conspired to accomplish the wrongful scheme and course of conduct alleged herein;

(e) Whether Defendants acted to conceal the wrongful scheme and course of conduct from Plaintiffs and other members of the Class;

(f) Whether Defendants and their agents misrepresented and/or omitted material facts concerning the premiums and other charges due under the Policies;

(g) Whether the acts and omissions of Defendants as alleged herein were knowing or reckless;

(h) Whether by their acts and omissions as alleged herein, Defendants breached the Policies;

(i) Whether by their acts and omissions as alleged herein, Defendants violated RICO, 18 U.S.C. §§ 1962(a)-(d);

(j) Whether by their acts and omissions as alleged herein, Defendants violated the Sherman Act, 15 U.S.C. § 1;

(k) Whether by their acts and omissions as alleged herein, Defendants violated FLA. STAT. ANN. § 542.18;

(l) Whether Defendants have been unjustly enriched;

(m) Whether Plaintiffs and members of the Class are entitled to rescission, or injunctive or other equitable relief against Defendants;

(n) Whether Plaintiffs and members of the Class have sustained damages and the proper measure of such damages; and

(o) Whether Plaintiffs and members of the Class are entitled to an award of punitive damages.

45. A class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein, given that:

(a) Common questions of law and fact predominate over any individual questions that may arise, such that significant economies of time, effort and expense will inure to the courts and the parties in litigating the common issues on a classwide instead of a repetitive individual basis;

(b) The size of many Class members' individual damage claim is too small to make individual litigation an economically viable alternative, such that few Class members have any interest in individually controlling the prosecution of a separate action;

(c) Despite the relatively small size of many individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation; and

(d) No unusual difficulties are likely to be encountered in the management of this class action.

46. In addition, class certification is appropriate under Rule 23(b)(1) of the Federal Rules of Civil Procedure because the prosecution of separate actions would create a risk of adjudications with respect to individual members of the Class that may, as a practical matter, be dispositive of the interests of other members not parties to the adjudication. Further, the prosecution of separate actions by individual Class members would create an unnecessary risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

47. Class certification also is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
### (Restraint of Trade in Violation of the Sherman Antitrust Act, 15 U.S.C. § 1)
### [Against All Defendants]

48. Plaintiffs repeat and reallege the above allegations, as if fully set forth herein.

49. The relevant product market is the sale of retrospectively rated workers' compensation insurance.

50. The relevant geographic market is the State of Florida.

51. Defendants' contract, combination, or conspiracy, as alleged herein, has lessened and tends to lessen full and free competition in the sale of retrospectively rated workers' compensation insurance in the State of Florida. The sale of retrospectively rated workers' compensation insurance in the State of Florida affects interstate commerce.

52. During and throughout the period of Defendants' unlawful contract, combination, and conspiracy, Plaintiffs and the Class members purchased and renewed Policies from Defendants. As a result of Defendants' unlawful contract, combination, and conspiracy, Plaintiffs and the members of the Class paid higher prices for the Policies than they would have paid otherwise.

-45-

53. The conduct of Defendants, as alleged herein, constitutes a violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

54. By reason thereof, Plaintiffs and the Class members have been injured and are entitled to recover threefold the damages they have sustained, the costs of bringing this suit, and attorneys' fees.

## SECOND CAUSE OF ACTION
### (Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(a)and (d))
### [Against All Defendants]

55. Plaintiffs repeat and reallege the above allegations, as if fully set forth herein.

56. Plaintiffs are each a "person" as that term is defined in § 1961(3) of RICO.

57. Defendants are each a "person" as that term is defined in § 1961(3) of RICO.

58. For purposes of this claim, which arises under §§ 1962(a) and (d) of RICO, the "enterprise", as that term is defined in § 1961(4) of RICO, 18 U.S.C. § 1961(4), consists of an association-in-fact of each of the defendants.

59. As alleged above, each of the Defendants has engaged in a pattern of criminal acts including, but not limited to, multiple acts of (a) mail fraud, in violation of 18 U.S.C. § 1341; (b) wire fraud, in violation of 18 U.S.C. § 1343; (c) engaging in interstate and/or foreign travel in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952; and (d) transporting or causing to be transported in interstate commerce money in amounts greater

than $5000, knowing such sums had been converted or taken by fraud, in violation of 18 U.S.C. § 2314, which, in turn, constitute "racketeering activity" as that term is defined in § 1961(1) of RICO. Each such act of racketeering activity had similar purposes, involved the same or similar participants and methods of commission and had similar results impacting upon similar victims, including the Plaintiffs in this action, and thus constituted a "pattern of racketeering activity" as that term is defined in § 1961(5) of RICO. Defendants agreed and conspired with other co-actors to commit the above-referenced predicate acts of racketeering activity and to violate §§ 1962(a) and (d) of RICO.

60. In violation of §§ 1962(a) and (d) of RICO, the Defendants conspired to derive and derived substantial proceeds through the above-referenced pattern of racketeering activity and conspired to use or invest and used or invested such proceeds in the operations of the enterprise.

61. As a direct and proximate result of Defendants' violations of §§ 1962(a) and (d) of RICO, Plaintiffs and the members of the Class have been injured in their business or property. Under the provisions of § 1964(c) of RICO, Plaintiffs are entitled to bring this action and to recover herein treble damages, the costs of bringing this suit, and attorneys' fees.

## THIRD CAUSE OF ACTION
### (Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(b) and (d))
#### [Against All Defendants]

62. Plaintiffs repeat and reallege the above allegations, as if fully set forth herein.

63. Plaintiffs are each a "person" as that term is defined in § 1961(3) of RICO.

64. Defendants are each a "person" as that term is defined in § 1961(3) of RICO.

65. For purposes of this claim, which arises under §§ 1962(b) and (d) of RICO, the "enterprise", as that term is defined in § 1961(4) of RICO, 18 U.S.C. § 1961(4), consists of an association-in-fact of each of the defendants.

66. As alleged above, each of the Defendants has engaged in a pattern of criminal acts including, but not limited, to multiple acts of (a) mail fraud, in violation of 18 U.S.C. § 1341; (b) wire fraud, in violation of 18 U.S.C. § 1343; (c) engaging in interstate and/or foreign travel in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952; and (d) transporting or causing to be transported in interstate commerce money in amounts greater than $5000, knowing such sums had been converted or taken by fraud, in violation of 18 U.S.C. § 2314, which, in turn, constitute "racketeering activity" as that term is defined in § 1961(1) of RICO. Each such act of racketeering activity had similar purposes, involved the same or similar participants and methods of commission and had similar results impacting upon similar victims, including the plaintiffs in this action, and thus constituted a "pattern of racketeering activity" as that term is defined in § 1961(5) of RICO. Defendants agreed and conspired with other co-actors to commit the above-referenced predicate acts of racketeering activity and to violate §§ 1962(b) and (d) of RICO.

67. In violation of §§ 1962(b) and (d) of RICO, the Defendants conspired to acquire and/or maintain, directly or indirectly, an interest in or control of the enterprise through the above-referenced pattern of racketeering activity.

68.   As a direct and proximate result of Defendants' violations of §§ 1962(b) and (d) of RICO, Plaintiffs and the members of the Class have been injured in their business or property.  Under the provisions of § 1964(c) of RICO, Plaintiffs are entitled to bring this action and to recover herein treble damages, the costs of bringing this suit, and attorneys' fees.

**FOURTH CAUSE OF ACTION**
**(Violation of the Racketeer Influenced and Corrupt**
**Organizations Act, 18 U.S.C. §§ 1962(c) and (d))**
**[Against All Defendants]**

69.   Plaintiffs repeat and reallege the above allegations, as if fully set forth herein.

70.   Plaintiffs are each a "person" as that term is defined in § 1961(3) of RICO.

71.   Defendants are each a "person" as that term is defined in § 1961(3) of RICO.

72.   For purposes of this claim, which arises under §§ 1962(c) and (d) of RICO, the "enterprise", as that term is defined in § 1961(4) of RICO, 18 U.S.C. § 1961(4), consists of an association-in-fact of each of the defendants, or, in the alternative, the defendant NCCI.

73.   As alleged above, each of the Defendants has engaged in a pattern of criminal acts including, but not limited, to multiple acts of (a) mail fraud, in violation of 18 U.S.C. § 1341; (b) wire fraud, in violation of 18 U.S.C. § 1343; (c) engaging in interstate and/or foreign travel in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952; and (d) transporting or causing to be transported in interstate commerce money in amounts greater than $5000, knowing such sums had been converted or taken by fraud, in violation of  18

U.S.C. § 2314, which, in turn, constitute "racketeering activity" as that term is defined in § 1961(1) of RICO. Each such act of racketeering activity had similar purposes, involved the same or similar participants and methods of commission and had similar results impacting upon similar victims, including the Plaintiffs in this action, and thus constituted a "pattern of racketeering activity" as that term is defined in § 1961(5) of RICO. Defendants agreed and conspired with other co-actors to commit the above-referenced predicate acts of racketeering activity and to violate §§ 1962(c) and (d) of RICO.

74. In violation of §§ 1962(c) and (d) of RICO, the Defendants conspired to conduct and to participate in the conduct of the affairs of the enterprise, and conducted and participated, directly and indirectly, in the conduct of the affairs of the enterprise through the above-referenced pattern of racketeering activity.

75. As a direct and proximate result of Defendants' violations of §§ 1962(c) and (d) of RICO, Plaintiffs and the members of the Class have been injured in their business or property. Under the provisions of § 1964(c) of RICO, Plaintiffs are entitled to bring this action and to recover herein treble damages, the costs of bringing this suit, and attorneys' fees.

**FIFTH CAUSE OF ACTION**
**(Violation of Florida Antitrust Act,**
**FLA. STAT. ANN. § 542.18)**
**[Against All Defendants]**

76. Plaintiffs repeat and reallege the above allegations, as if fully set forth herein.

77. The relevant product market is the sale of retrospectively rated workers' compensation insurance.

78. The relevant geographic market is the State of Florida.

79. Defendants' contract, combination, or conspiracy, as alleged herein, has lessened and tends to lessen full and free competition in the sale of retrospectively rated workers' compensation insurance in the State of Florida.

80. During and throughout the period of the Defendants' unlawful contract, combination, or conspiracy, Plaintiffs and the Class members purchased and renewed Policies from Defendants. As a result of Defendants' unlawful contract, combination, or conspiracy, Plaintiffs and the members of the Class paid higher prices for the Policies than they would have paid otherwise.

81. The conduct of Defendants, as alleged herein, constitutes an unlawful contract, combination, or conspiracy in violation of the Florida Antitrust Act, FLA. STAT. ANN. § 542.18.

82. By reason thereof, Plaintiffs and the Class members have been injured and are entitled to recover threefold the damages they have sustained, the costs of bringing this suit and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (Breach of Contract)
### [Against the Insurer Defendants]

83. Plaintiffs repeat and reallege the above allegations, as if fully set forth herein.

84. The Insurer Defendants entered into workers' compensation insurance contracts with Plaintiffs and other members of the Class. The Insurer Defendants committed material breaches of these contracts, among other things, by using charges, surcharges, factors, assessments, fees, loads, agreements, and forms that varied from those filed with, and approved by, the Commissioner. In addition, by their unlawful conduct as complained of herein, the Insurer Defendants breached the covenant of good faith and fair dealing implied in all contracts.

85. Plaintiffs and members of the Class have performed all of their duties and obligations under said contracts.

86. As a direct and proximate result of the Insurer Defendants' breaches of contract, Plaintiffs and the members of the Class have been damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (Civil Conspiracy)
### [Against All Defendants]

87. Plaintiffs repeat and reallege the above allegations, as if fully set forth herein.

88. In furtherance of their wrongful scheme, Defendants acted in concert and aided and abetted one another in the common purposes of causing Plaintiffs and Class members to purchase and renew Policies and to pay improper and unauthorized charges, surcharges, assessments and fees thereunder and to conceal such illicit conduct from Plaintiffs and members of the Class. Defendants have conspired to perpetrate such wrongdoing and

have each, directly or indirectly, committed overt acts in support and furtherance of the conspiracy.

89.   As a direct and proximate result of the foregoing, Plaintiffs and other members of the Class have been damaged in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)
### [Against the Insurer Defendants]

90.   Plaintiffs repeat and reallege the above allegations, as if fully set forth herein.

91.   As a result of the facts and circumstances alleged herein, a constructive trust should be established over the monies wrongfully received by the Insurer Defendants from Plaintiffs and members of the Class.

92.   Insurer Defendants will be unjustly enriched if they are allowed to retain the monies derived from their wrongful conduct.

93.   As a direct and proximate result of the foregoing, Plaintiffs and other members of the Class have been damaged in an amount to be determined at trial, and are entitled to a return of such monies.

WHEREFORE, Plaintiffs pray for relief and judgment as follows::

A.   Determining that this action is a proper plaintiff class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiffs as proper representatives of the Class;

B.   Determining that Defendants are liable for the violations alleged herein;

C.  Awarding Plaintiffs and members of the Class damages for the violations alleged herein, together with interest thereon as allowed by law;

D.  Awarding Plaintiffs and members of the Class punitive damages as allowed by law;

E.  Awarding Plaintiffs and members of the Class treble damages on the First, Second, Third, Fourth and Fifth Causes of Action;

F.  Awarding Plaintiffs and members of the Class their costs and disbursements incurred in connection with this action, including the costs of investigation and litigation and reasonable attorneys' fees, expert fees, and other costs;

G.  Granting Plaintiffs and the Class declaratory, injunctive and other equitable relief, including, *inter alia*, a judgment and order (1) requiring Defendants to honor the terms of retrospectively rated workers' compensation policies as set by state law; (2) establishing a constructive trust over all improper and unlawful charges and other monies wrongfully received by Defendants from Plaintiffs and the Class and requiring Defendants to repay all such monies together with interest; and (3) awarding all other damages suffered by Plaintiffs and Class and/or restitution and/or rescission as appropriate; and

H.  Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable at law.

DATED this [7] day of July, 1997.

C. OLIVER BURT, III, ESQ.
Florida Bar No. 0005657
MICHAEL J. PUCILLO, ESQ.
Florida Bar No. 261033
R. SCOTT PALMER, ESQ.
Florida Bar No. 0220353
**BURT & PUCILLO**
Esperante, Suite 300 East
222 Lakeview Avenue
West Palm Beach, FL 33401
(561) 835-9400
(561) 835-0322 Fax

OF COUNSEL:

MELVYN I. WEISS, ESQ.
RICHARD H. WEISS, ESQ.
DEBORAH CLARK-WEINTRAUB, ESQ.
STEPHEN H. SCHWARTZ, ESQ.
**MILBERG WEISS BERSHAD HYNES & LERACH LLP**
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
(212) 594-5300
(212) 868-1229 Fax

FRED MISKO, JR., ESQ.
CHARLES E. AMES, ESQ.
**FRED MISKO, JR., P.C.**
3811 Turtle Creek Blvd., 19th Floor
Dallas, Texas 75219
(214) 443-8000
(214) 443-8010 Fax

-56-

MICHAEL C. DODGE, ESQ.
BRIAN CASEY, ESQ.
**DODGE & ASSOCIATES, P.C.**
One Lincoln Centre
5400 LBJ Freeway, Suite 800
Dallas, Texas 75240
(972) 960-3200
(972) 960-3221 Fax

CHRISTOPHER SEEGER, ESQ.
**WEISSMAN & SEEGER**
575 Lexington Avenue
New York, NY 10022
(212) 750-2828
(212) 750-3315 Fax

ATTORNEYS FOR PLAINTIFFS

10142\complaint.